```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

Watson Marshall, III,

              Plaintiff,

vs.                                       Case No. 2:06-cv-17-FtM-29DNF

Rick Harry, Tiffany Lane, and Heather Corcoran,

              Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion for Judgment on the Pleadings filed on behalf of Rick Harry and Heather Corcoran on February 12, 2007 (Doc. #52, the Motion). Plaintiff filed a Response in Opposition to the Motion (Doc. #56, Plaintiff's Response) on April 4, 2007. This matter is now ripe for review.

**I.**

Plaintiff, who is involuntarily civilly committed to the Florida Civil Commitment Center ("FCCC") as a sexually violent predator pursuant to Fla. Stat. §394.910 et seq, initiated this action by filing a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on January 9, 2006 (Doc. #1). The Complaint seeks $200,000,000 in compensatory and punitive damages against Defendants Rick Harry and Heather Corcoran in both their individual and official capacities, and against Tiffany Lane in her individual capacity. Plaintiff claims that Defendants violated Plaintiff's "Constitutional rights by putting his life in jeopardy due to their

negligent, careless, and indifferent actions." Complaint, at p. 1. At the time of the incident complained of in the Complaint, Defendant Harry was the Director of the FCCC, Defendant Corcoran, was employed as a Therapeutic Community Coordinator at the FCCC, and Defendant Lane, held the position of Safety Director at the FCCC. Id. at ¶¶ 2-4.

In May 2004, Plaintiff requested and was reassigned to F-dormitory. Id. at ¶ 6. At some point in time, three "Spanish" FCCC residents (resident Delgado, resident Garcia, and another unidentified resident), entered Plaintiff's cell and without provocation attacked Plaintiff. Id. at ¶ 7. The three Spanish residents left Plaintiff's cell when "staff assigned to work in F-dorm became aware that an altercation was taking place." Id. Resident Delgado returned to his cell before leaving the dormitory. Id. When Delgado attempted to leave the dormitory, an unidentified staff member searched him and found a "large homemade weapon (a shank)" on Delgado. Id. Plaintiff, along with residents Delgado and Garcia were place on "cell restriction" pending an "investigation." Id. A few days later, Plaintiff was transferred to D-dormitory. Id. at ¶ 8. The day after his transfer, Plaintiff "was confronted by another Spanish resident (resident George Amador)," which resulted in a "physical confrontation." Id. Both Plaintiff and Amador were placed on cell restriction in D-dormitory. Id. After Plaintiff was released from cell

restriction, he was transferred from D-dormitory back to F-dormitory at the direction of Defendant Lane. Id. at ¶ 9. Plaintiff claims that Defendant Lane was aware that inmate Delgado, who had previously attacked Plaintiff and who also resided in F-dormitory, had "been found to have a handmade shank in his cell shortly before Plaintiff was relocated back to F-dormitory." Id. Despite this knowledge, Defendant Lane placed Plaintiff "into a potentially life-threatening situation." Id.

On June 27, 2004, Plaintiff was attacked by resident Delgado while he was walking by Delgado's cell, and was repeatedly stabbed by Delgado with a sharp object. Id. at ¶ 10. After the attack, Plaintiff managed to make his way back to his cell, where the FCCC staff, who were alerted by residents "followed the trail of blood" to find Plaintiff. Id. After nurses arrived, Plaintiff was taken to the FCCC's medical building and was then transported by ambulance to the hospital. Id. at ¶ 11.

Defendant Corcoran, who had arrived at the scene, "instructed other residents to get a mop and some bleach to clean all the blood spots off the floor and out of Plaintiff's cell." Id. at ¶ 12. Plaintiff claims that as a result of Defendant Corcoran's actions in "tampering with a crime scene," "resident Delgado was not prosecuted for the crime." Id. Plaintiff states that he sent a "Resident Grievance" to Defendant Harry on July 2, 2004, and "complained of the lack of professionalism and competence that put

Plaintiff's life in jeopardy."[1]  Id. at ¶ 13.  Defendant Harry responded that the incident was under investigation and "appropriate actions would be taken."  Id.  Plaintiff "has been placed on a permanent type of 'dorm restriction'" since the incident, while resident Delgado is permitted to move freely around the compound.  Id. at ¶ 14.  Two weeks after the stabbing incident involving Plaintiff, resident Delgado attacked and stabbed another resident at the FCCC.  Id.

Liberally construing the Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated by Defendants for failing to protect Plaintiff from the June 27, 2004, attack and stabbing by resident Delgado.  Defendants Harry and Corcoran filed an Answer and Affirmative Defenses to Plaintiff's Complaint on August 15, 2006 (Doc. #27).  Thereafter, Defendants Harry and Corcoran filed the instant Motion (Doc. #52).  Defendants Lane, Harry and Corcoran subsequently filed a Motion for Summary Judgment (Doc. #57) on May 15, 2007, which remains pending.[2]

---

[1] Plaintiff states that a copy of the referenced grievance is attached to his Complaint as Exhibit "A."  No exhibit is attached to Plaintiff's Complaint.

[2] Plaintiff filed a Response In Opposition to Defendants' Motion for Summary Judgment on June 11, 2007 and a Supplemental Response on June 22, 2007 (Doc. #60).  The Court will address the Motion for Summary Judgment as to Defendant Lane by separate Order of Court.

**II.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1291 (11th Cir. 2002)(quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Cannon, 250 F.3d at 1301; Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002)(citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)). When reviewing a motion for judgment on the pleadings, the Court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. Horsley, 292 F.3d at 700

(citing <u>White v. Lemacks</u>, 183 F.3d 1253, 1255 (11th Cir. 1999)). As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, ____ U.S. _____, 127 S.Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and stating that <u>Conley</u> did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). The Court need not accept unsupported conclusions of law or of mixed law and fact in the complaint. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)(en banc). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003).

**III.**

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege and establish that (1) defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb</u>

County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Because a supervisor may not be held liable under a theory of *respondeat superior* in a § 1983 action, Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003); Hatley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999), the supervisor must either personally participate in the alleged constitutional deprivation, or there must be a "history of widespread abuse" that is "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006). Knowledge gained by the supervisor by "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Haverty v. Crosby, No. 1:05-CV-00133, 2006 WL 839157 *5 (N.D. Fla. Mar. 28, 2006)(citations omitted).

Residents at the FCCC who are "involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to reasonable safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate restraints as might be required to ensure safety and freedom from restraint." Lavender v. Kearney, 206 Fed. Appx. 860, 862 (11th Cir. 2006)(citing Youngberg v. Romero, 457 U.S. 307 (1982)). These due process rights are "at least as extensive as the Eighth Amendment rights of the criminally institutionalized, and therefor relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." Lavender 206 Fed. Appx. at 863 (internal quotation and citation omitted). Thus, in order for "an involuntarily civilly-committed plaintiff to establish a § 1983 claim for violation of his due process rights, he must show that state officials were deliberately indifferent to a substantial risk to his safety." Id. (citing Purcell v. Tombs County, GA, 400 F.3d 1313, 1319 (11th Cir. 2005).

In Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003), the court summarized the relevant principles with respect to an official's duty to protect an inmate from harm.

> A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. It is not, however, every injury suffered by

> one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety. An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. To survive summary judgment on his section 1983, Eighth Amendment claim, plaintiff was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.

Id. at 1349 (citations and quotations omitted). General knowledge that an inmate is a problem inmate with a well-documented history of prison disobedience and who is prone to violence is not sufficient. Id. Rather, a plaintiff must allege and be able to demonstrate at trial that defendants were aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. Id.

**IV.**

Plaintiff's Complaint contains no allegations that Defendants Harry or Corcoran knew or had reason to know that resident Delgado posed a risk of danger to Plaintiff. Nor does Plaintiff allege that Defendants Harry or Corcoran were even aware of the first incident involving Plaintiff, resident Delgado and resident Garcia.

In particular, with respect to Defendant Harry, Plaintiff alleges only that he sent Harry a resident grievance ***after*** the stabbing incident and Harry advised Plaintiff "that the incident

would be investigated and appropriate action would be taken." Complaint at p. 6, ¶13. There are no other allegations as to Defendant Harry in the Complaint. Rather, it appears that Plaintiff attributes liability against Defendant Harry solely on the basis of Harry's position as "the Facility Director." (Doc. #56, p. 2.) Additionally, Plaintiff admits, in his Response to the Motion, that Defendant Harry is being sued for the actions of his subordinates. Id. ("Under Spondeant [sic] Superior Mr. Harry is legally responsible moreover for the actions of his employees under his authority."). However, as stated earlier, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondent superior or vicarious liability." Hatley v. Parnell, 193 F.3d at 1269(internal quotation marks and citation omitted).

With respect to Defendant Corcoran, Plaintiff avers that Defendant Corcoran "tampered" with evidence by directing other residents to clean up the blood. While an individual may be held criminally liable for obstruction of justice, 18 U.S.C. § 1503, or for tampering with evidence, 18 U.S.C. § 1512(b)(2), the Court cannot conceive of a constitutional violation that would permit Plaintiff to recover under a § 1983 action against Defendant Corcoran on the these claims.

Moreover, at most the Complaint alleges that the Defendants actions constituted mere negligence: "Defendants . . . [are

liable] due to their negligent, careless, and indifferent actions." Complaint at 1; "Defendant Corcoran's negligent actions were part of an attempt to cover up the crime committed against the Plaintiff by resident Delgado so as to cover up the other Defendant's negligent actions." Id. at p. 6, ¶12; "Plaintiff complained [to Defendant Harry] of the lack of professionalism and competence that put Plaintiff's life in jeopardy." Id. at ¶13; "The Defendants['] negligent actions with regard to the Plaintiff . . ." Id. at 7, ¶14. Deliberate indifference is not the same thing as negligence or carelessness." Lavender, 206 Fed. Appx. at 863 (quoting Ray v. Holtz, 370 F. 3d 1079, 1083 (11th Cir. 2004)(citations omitted)). Mere negligence is insufficient to support a claim under § 1983. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990), cert. denied, 496 U.S. 928 (1990).

Based upon the foregoing, the Court finds that the Complaint fails to state a § 1983 claim against Defendants Harry and Corcoran and will grant the Defendants' Motion.

Accordingly, it hereby

**ORDERED and ADJUDGED:**

1. Defendants' Motion for Judgment on the Pleadings filed on behalf of Rick Harry and Heather Corcoran (Doc. #52) is **GRANTED,** and Plaintiff's Complaint is **dismissed without prejudice.**

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any motions pending against Defendants Harry and Corcoran; and 3) correct the caption to reflect that this action remains pending against Defendant Tiffany Lane.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of September, 2007.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record